IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MELLONY MILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | |
| | ) | |
| | ) | Case No: 4:21-cv-00559 |
| TRANSAMERICA PREMIER LIFE | ) | |
| INSURANCE COMPANY, and | ) | |
| | ) | |
| MONUMENTAL LIFE INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Transamerica Premier Life Insurance Company ("Transamerica") and Monumental Life Insurance Company ("Monumental") hereby remove this action to this Court from the 22nd Judicial Circuit Court, City of St. Louis, Missouri, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice of Removal, Defendants state as follows:[1]

**I.      This Court Has Jurisdiction Under 28 U.S.C. §§ 1332 and 1441.**

1.      Removal is authorized by 28 U.S.C. §1441(a) because this Court has original jurisdiction under 28 U.S.C. § 1332 in that this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.      On or about March 25, 2021, Plaintiff filed a civil action against Transamerica and Monumental in the 22nd Judicial Circuit Court, City of St. Louis, Missouri, captioned *Mellony Milton v. Transamerica Premier Life Insurance Company et al.,* Case No. 2122-

---

[1] Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' rights to assert any defense, including, but not limited to those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise.

CC00597.  The petition asserts claims for breach of contract and vexatious refusal to pay arising out of a certificate of insurance issued to Mellony Milton, number 738319382 (the "Policy")

3.      Plaintiff effected service on Transamerica on April 15, 2021.  Plaintiff effected service on Monumental on April 13, 2021.

4.      Attached hereto as **Exhibit A** are legible copies of the entire state court file which includes all process, pleadings, documents, and orders which have been served upon Defendants, as well as a copy of the state court's docket sheet.

5.      A copy of this Notice of Removal will be provided to the Clerk of Court for the 22nd Judicial Circuit Court, City of St. Louis, Missouri and to Plaintiff, pursuant to 28 U.S.C. § 1446(d).

6.      Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as a district or division embracing the place where the state action is pending.

### A.      The Parties Are Citizens of Different States.

7.      Defendant Transamerica is incorporated in Iowa with its principal place of business in Iowa.  Transamerica is therefore a citizen of Iowa.  *See* 28 U.S.C. § 1332 (c)(1).

8.      Defendant Monumental is incorporated in Iowa with its principal place of business in Iowa.  Monumental is therefore a citizen of Iowa.  *See* 28 U.S.C. § 1332 (c)(1).

9.      At all times relevant hereto Plaintiff has been and now is a citizen of the State of Illinois.  *See* Ex. A, Compl. at ¶ 1.  Accordingly, the parties are completely diverse.

### B.      The Amount in Controversy Exceeds $75,000.

10.     Plaintiff seeks damages for breach of contract and vexatious refusal to pay $50,000 in life insurance benefits under the Policy.  *See* Ex. A, Compl. at ¶¶ 9-13.

11.     Although Plaintiff uses terminology in her prayers often found in Petitions designed to avoid removal jurisdiction (seeking an amount "in excess of Twenty-Five Thousand Dollars ($25,000.00), but less than Seventy-Five Thousand Dollars ($75,000.00)"), Plaintiff actually makes plain that she is **_not_** limiting her total recovery to an amount less than the $75,000 jurisdictional amount:

> WHEREFORE, Plaintiff Mellony Milton prays for judgment under Count II of this Petition for Damages against Defendants in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), but less than Seventy-Five Thousand Dollars ($75,000.00), **plus prejudgment interest and her reasonable attorney's fees,** together with an amount that is fair and reasonable for her costs herein incurred and expended, and for such other and further relief as the Court deems just and proper.

Ex. A, Compl. at p. 4-5 (emphasis added).

12.     Defendants firmly maintain that Plaintiff is entitled to nothing under the Policy, much less statutory penalties and attorney's fees. Nevertheless, as Plaintiff maintains that she is entitled to up to $75,000 in damages for the alleged breach of contract and vexatious refusal to pay $50,000 on the Policy, together with a reasonable attorney's fee, the matter put in controversy by her claims exceeds $75,000 exclusive of interest and costs.

13.     Statutory penalties for vexatious refusal are included in calculation of the amount in controversy for purposes of removal.  *Peng Vang v. Mid-Century Ins. Co.*, No. 12-CV-01309-DGK, 2013 WL 626985, *2 (W.D. Mo. Feb. 20, 2013).

14.     The Missouri Statutory penalty for vexatious refusal to pay is set by statute at "twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars[.]" Mo. Rev. Stat. § 375.420.  Here that penalty would total $5,150.00, calculated as (20% x $1,500) + (10% x ($50,000 - $1,500)).  This, together with Plaintiff's claim for the $50,000 death benefit, totals $55,150.

3

15.     Additionally, attorneys' fees authorized by a statute also are included in the calculation of amount in controversy. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001). Attorneys' fees are permissible under Missouri's vexatious refusal statute, Mo. Rev. Stat. § 375.420.

16.     Should the Court conclude that Plaintiff is actually entitled to recover attorney's fees, under Missouri law it could award a "reasonable fee" without regard to the amount set in a contingent fee agreement. *See, e.g.*, *O'Brien v. B.L.C. Ins. Co.*, 768 S.W.2d 64, 71 (Mo. 1989) (en banc) ("Counsel are entitled to a reasonable fee, and are not limited to their agreed share of the client's recovery").

17.     Attorney fee rewards for vexatious refusal claims in Missouri commonly exceed $20,000.00. *See, e.g.*, *Quinn v. American Family Mutual Insurance Company*, Jackson County, Missouri Cir. Ct. Case No. 1516-CV26996, 2017 WL 6804239 (verdict July 12, 2017) (awarding $30,000 in attorneys' fees for vexatious refusal claim); *Qureshi v. American Family Mutual Insurance Company*, City of St. Louis, Missouri Cir. Ct. Case No. 1522-CC-10460, 2018 WL 7254811 (verdict Nov. 15, 2018) (awarding $96,828 in attorneys' fees for vexatious refusal claim).

18.     There is no question that Plaintiff's claim for "a reasonable attorney's fee" involves a claim in excess of $20,000. Accordingly, the amount in controversy plausibly exceeds $75,000. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014) (holding that a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and does not need to contain evidentiary submissions); *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (applying *Dart*); *James Neff Kramper Family Farm P'ship v. IBP*, 393 F.3d 828, 833

4

("The removing party need not prove that the damages *are* greater than the requisite amount, but that the claims . . . could, that is might, legally satisfy the amount in controversy requirement." (internal quotations omitted)).

**II.      The Requirements of 28 U.S.C. § 1446 Are Satisfied**.

19.      This Notice is being filed less than one year after commencement of this action.

20.      Plaintiff first served the summons and state court petition on Transamerica on April 15, 2021, and on Monumental on April 13, 2021.  *See* Ex. A.  Thus, Defendants timely filed this Notice of Removal within 30 days of service in accordance with 28 U.S.C. § 1446(b).

<u>Conclusion</u>

WHEREFORE, pursuant to 28 U.S.C. §§ 1441, 1446 and 1332, Defendants hereby removes this matter from the 22nd Judicial Circuit Court, City of St. Louis, Missouri to the United States District Court for the Eastern District of Missouri.

Dated:  May 13, 2021

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**

*/s/ Jonathan R. Shulan*
Jonathan R. Shulan          MO #65426
Lauren Haley Navarro        MO #68111
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
(314) 621-5070
(314) 621-5065
jshulan@atllp.com
lnavarro@atllp.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2021, the foregoing was filed electronically with the Clerk of Court and sent by e-mail and the United States Postal Service to the following:

The Onder Law Firm
Matthew P. O'Grady
110 E. Lockwood
St. Louis, MO  63119
ogrady@onderlaw.com

*Counsel for Plaintiff*

<u>/s/ Jonathan R. Shulan</u><br>Jonathan R. Shulan