**2122-CC00597**

Electronically Filed - City of St. Louis - March 25, 2021 - 11:13 AM

IN THE CIRCUIT COURT OF CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| MELLONY MILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: |
| v. ) | |
| ) | Division No.: |
| TRANSAMERICA PREMIER LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Serve:     c/o Director of Insurance ) | |
|               301 W. High Street, Room 530 ) | |
|               Jefferson City, MO 65101 ) | |
| ) | |
| MONUMENTAL LIFE INSURANCE COMPANY,) | |
| ) | |
| Serve:     4333 Edgewood Road NE ) | |
|               Cedar Rapids, IA 52499 ) | |
| ) | |
| Defendants. ) | |

## PETITION

**COMES NOW** Plaintiff, Mellony Milton (hereinafter "Milton"), by and through her undersigned counsel, and for her Petition and causes of action against Defendants TransAmerica Premier Life Insurance Company (hereinafter ("TransAmerica") and Monumental Life Insurance Company (hereinafter "Monumental"), states and shows the Court as follows:

### PLAINTIFF

1. At all times pertinent hereto, Plaintiff, Mellony Milton, was and is an individual residing in Lake County, Illinois.

### DEFENDANTS

2. Defendant TransAmerica Premier Life Insurance Company, hereinafter "TransAmerica" was and is a foreign insurance company, with its principle place of business

EXHIBIT A

located in the State of Iowa, and is authorized to be business in the State of Missouri under charter number O00000824, which is in good standing.

3.      Defendant Monumental Life Insurance Company, hereafter "Monumental" is a life insurance company and at all times herein was a corporation doing business in the State of Missouri.

4.      Defendant TransAmerica may be served by service upon the Missouri Director of Insurance at the above-captained address.

5.      Defendant Monumental may be served by service on an officer of Monumental at the above-captained address.

### JURISDICTION AND VENUE

6.      Jurisdiction and venue are proper in this Court pursuant to RSMo. §§ 508.010 and 506.500, in that the Defendants are nonresidents of the State of Missouri, have transacted business within the State of Missouri and have insured persons and risks within the State of Missouri. Defendants have done business and maintained offices for conducting business in the City of St. Louis, Missouri at all times relevant hereto, including when the life insurance policy was issued, when decedent died, when Plaintiff's claim was denied, and at the present time.

### FACTS COMMON TO ALL COUNTS

7.      At all times relevant hereto, Plaintiff Mellony Milton was lawfully married to Derrek Stewart, the decedent.

8.      Defendant TransAmerica, by and through its predecessor and/or underwriter, Defendant Monumental, issued a life insurance policy for coverage of Decedent Derrek Stewart, and the beneficiary for the policy is Plaintiff Mellony Milton.

9. Defendants issued policy number 738319382 for valid consideration on July 1, 2014, providing life insurance coverage in the amount of $50,000.00 (Fifty Thousand Dollars).

10. On June 4, 2016, Derrek Stewart died as the result of an accident.

11. As beneficiary of the life insurance policy, Plaintiff Mellony Milton demanded payment be made by Defendants TransAmerica and Monumental in the total amount of $50,000.00 (Fifty Thousand Dollars).

12. Defendants TransAmerica and Monumental have denied that claim.

13. Decedent Derrek Stewart and Plaintiff Mellony Milton complied with every term, stipulation, and condition required of them under the provisions of the subject life insurance policy that entitle Plaintiff Mellony Milton to collect benefits from said policy. Plaintiff Mellony Marshall has demanded payment from Defendants but said Defendants have refused to pay.

14. More than thirty (30) days have elapsed since Plaintiff Mellony Milton has demanded payment of the life insurance benefits and when this Petition is filed.

## COUNT I – BREACH OF CONTRACT

15. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 above of the Petition as though set forth fully herein.

16. The subject policy of insurance is a contract under which Defendants TransAmerica and Monumental assumed liabilities, duties, and obligations, and made promises to pay on claims, in exchange for payment of premiums. All performance due to Defendants under the policy concerning the coverage at issue here have been rendered in full and accepted by Defendants, yet Defendants have failed and refused to perform and honor their bargain under the policy after demands by Plaintiff Mellony Milton.

17. Defendants refusal to make payment to Plaintiff Mellony Milton under the subject policy of life insurance constitutes a breach of the policy.

18. Defendants breach of the subject policy of life insurance and continued failure to perform has directly and proximately caused monetary damages to Plaintiff Mellony Milton in the face amount of $50,000.00.

WHEREFORE, Plaintiff Mellony Milton prays for judgment under Count I of this Petition for Damages against Defendants in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), but less than Seventy-Five Thousand Dollars ($75,000.00), plus her prejudgment interest and her reasonable attorney's fees, together with an amount that is fair and reasonable for her costs herein incurred and expended, and for such other and further relief as the Court deems just and proper.

## COUNT II – VEXATIOUS REFUSAL TO PAY

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 though 18 above of the Petition as though set forth fully herein.

20. This is an action by Plaintiff Mellony Milton to recover the amount of loss due to her under the policy of lie insurance, according to the terms and conditions of the subject policy.

21. Plaintiff Mellony Milton has complied with all terms and conditions under the subject policy of life insurance and has supplied all information requested by Defendants that she has available to her.

22. Defendants have willfully failed and refused for a period exceeding thirty days after due demand to pay Plaintiff Mellony Milton the lie insurance policy in full without bona fide reason and reasonable factual cause or excuse for contesting the life insurance claim.

23. Defendants refusal and/or failure to pay Plaintiff Mellony Milton's loss and claims are without reasonable cause or excuse as that term is contemplated and/or used by Missouri Revised Statute Section 375.420.

4

Electronically Filed - City of St. Louis - March 25, 2021 - 11:13 AM

Electronically Filed - City of St. Louis - March 25, 2021 - 11:13 AM

WHEREFORE, Plaintiff Mellony Milton prays for judgment under Count II of this Petition for Damages against Defendants in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), but less than Seventy-Five Thousand Dollars ($75,000.00), plus prejudgment interest and her reasonable attorney's fees, together with an amount that is fair and reasonable for her costs herein incurred and expended, and for such other and further relief as the Court deems just and proper.

**THE ONDER LAW FIRM**

By  /s/ Matthew P. O'Grady
     Matthew P. O'Grady  #47543
     110 E. Lockwood
     St. Louis, MO 63119
     314/963-9000 telephone
     314/963-1700 facsimile
     ogrady@onderlaw.com

*Attorneys for Plaintiff*

5