IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELLONY MILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v | ) Case No:  4:21-cv-00559 |
| | ) |
| TRANSAMERICA PREMIER LIFE | ) |
| INSURANCE COMPANY, et al. | ) |
| | ) |
| Defendants. | ) |

### ANSWER

COME NOW Transamerica Premier Life Insurance Company and Monumental Life Insurance Company[1], by and through counsel, and their answer and defenses to Plaintiff's state-court petition (Doc. No. 8) state as follows:

### PLAINTIFF

1. Defendants lack sufficient information on which to admit or deny the allegations in paragraph 1 of the petition and, therefore, deny the same.

### DEFENDANTS

2. Defendants admit that Transamerica Premier Life Insurance Company was a foreign insurance company with its principal place of business in Iowa and that it was authorized to conduct business in the State of Missouri.  Defendants deny the remaining allegations in paragraph 2 of the petition.

---

[1] Transamerica Premier Life Insurance Company and Monumental Life Insurance Company are now both known as Transamerica Life Insurance Company ("TLIC"). Defendants' counsel is in the process of working with Plaintiff's counsel on correcting the parties' names in the pleadings.

3. Defendants admit that Monumental Life Insurance Company was previously a life insurance company conducting business in Missouri. Defendants deny the remaining allegations in paragraph 3 of the petition.

4. Paragraph 4 of the petition contains a legal conclusion and, therefore, does not require a response. To the extent a response is required, Defendants lack sufficient information on which to admit or deny the allegations in paragraph 4 of the petition and, therefore, deny the same.

5. Paragraph 5 of the petition contains a legal conclusion and, therefore, does not require a response. To the extent a response is required, Defendants lack sufficient information on which to admit or deny the allegations in paragraph 5 of the petition and, therefore, deny the same.

## JURISDICTION AND VENUE

6. Paragraph 6 of the petition contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants admit that they transacted business and insured persons and risks within the State of Missouri. Defendants lack sufficient information on which to admit or deny the remaining allegations in paragraph 6 of the petition and, therefore, deny the same.

## FACTS COMMON TO ALL COUNTS

7. Defendants lack sufficient information on which to admit or deny the allegations in paragraph 7 of the petition and, therefore, deny the same.

8. Defendants admit that Monumental Life Insurance Company originally issued an insurance policy to Mellony Milton which included coverages potentially applicable to

the life of Derrek Stewart.  Defendants deny the remaining allegations of paragraph 8 of the petition.

9. Defendants admit policy number 73819382 was issued on July 1, 2014 (the "Policy"). The remaining allegations in paragraph 9 of the petition contain legal conclusions and, therefore, do not require a response. To the extent a response is required, Defendants deny the remaining allegations in paragraph 9 of the petition.

10. Defendants admit the allegations in paragraph 10 of the petition.

11. Defendants admit that Plaintiff demanded payment under the Policy.  Defendants deny the remaining allegations in paragraph 11 of the petition.

12. Defendants admit that Plaintiff's claim for benefits has been denied.  Defendants deny the remaining allegations in paragraph 12 of the petition.

13. Defendants admit that Plaintiff has demanded payment and that Defendants have denied benefits under the Policy.  Defendants deny the remaining allegations in paragraph 13 of the petition.

14. Defendants admit the allegations in paragraph 14 of the petition.

### COUNT I – BREACH OF CONTRACT

15. Defendants incorporate by reference the allegations contained in paragraphs 1 through 14 above of their Answer as though set forth fully herein.

16. Paragraph 16 of the petition contains a legal conclusion and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations in paragraph 16 of the petition.

17. Defendants deny the allegations in paragraph 17 of the petition.

18. Defendants deny the allegations in paragraph 18 of the petition.

WHEREFORE, Defendants Transamerica Premier Life Insurance Company and Monumental Life Insurance Company pray that the Court will enter judgment in their favor on Count I of the Petition and grant all other relief that is just and proper.

## COUNT II – VEXATIOUS REFUSAL TO PAY

19. Defendants incorporate by reference the allegations contained in paragraphs 1 through 18 above of their Answer as though set forth fully herein.

20. Defendants admit that Plaintiff has brought this action to recover benefits under the Policy. Defendants deny the remaining allegations in paragraph 20 of the petition.

21. Defendants lack sufficient information on which to admit or deny the allegations in paragraph 21 of the petition and, therefore, deny the same.

22. Defendants deny the allegations in paragraph 22 of the petition.

23. Defendants deny the allegations in paragraph 23 of the petition.

WHEREFORE, Defendants Transamerica Premier Life Insurance Company and Monumental Life Insurance Company pray that the Court will enter judgment in their favor on Count II of the Petition and grant all other relief that is just and proper.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

In further defense and response to the allegations contained in the petition, or as affirmative defenses to the claims asserted in the petition, and without assuming the burden of proof or burden of persuasion on any issue with respect to which such burden otherwise rests with Plaintiff, Defendants state:

1. Defendants deny every allegation in the petition, whether express or implied, that is not unequivocally and specifically admitted in Paragraphs 1 through 23 above.

2. The petition fails to state a claim upon which relief can be granted.

3. Any and all actions taken by Defendants were fair and reasonable and were taken in good faith based on all relevant facts known to Defendants at all applicable times.

4. All of Plaintiff's claims are subject to the conditions, limitations, definitions, and other terms and provisions of the Policy.

5. There are no benefits owed under the Policy because the decedent's death was caused by, resulted from, and/or was contributed to by the decedent's commission of a felony. The Policy includes the following exclusion:

> We will not pay a benefit for a Loss which is caused by, results from, or contributed to by:
> . . .
> - Participating in a riot; committing an assault or felony.

That exclusion bars potential coverage under the Policy for Plaintiff's claim.

6. There are no benefits owed under the Policy because the decedent's death was caused by, resulted from, and/or was contributed to by the decedent's alcohol intoxication. The Policy includes the following exclusion:

> We will not pay a benefit for a Loss which is caused by, results from, or contributed to by:
> . . .
> - alcohol intoxication, as defined in the state where the accident causing the injury occurred.

That exclusion bars potential coverage under the Policy for Plaintiff's claim.

7. There are no benefits owed under the Policy because the decedent's death was caused by, resulted from, and/or was contributed to by the decedent's taking of illegal and/or narcotic drugs. The Policy includes the following exclusion:

> We will not pay a benefit for a Loss which is caused by, results from, or contributed to by:
> . . .
> - Taking of any drug, medication, narcotic, or hallucinogen, unless as prescribed by a Physician.

That exclusion bars potential coverage under the Policy for Plaintiff's claim.

8. To the extent any benefits are available to Plaintiff under the Policy, which Defendants deny, the maximum extent of such benefit is $25,000 because the Policy provides that "Dependent spouse is insured for 50% of your benefit if children are covered;".

9. Plaintiff's claim for vexatious refusal to pay fails as a matter of law because Plaintiff is not and was not entitled to benefits under the Policy and, therefore, Defendants owed no duty to pay Plaintiff for the reasons set forth in the defenses above, which are incorporated by reference as if fully set forth herein.

10. Plaintiff's claim for vexatious refusal to pay fails as a matter of law because litigable issues of fact exist regarding the claims asserted and because Defendants may insist upon a determination of those questions without being penalized.

11. Plaintiff's claim for vexatious refusal to pay fails as a matter of law because open questions of law exist regarding interpretation and application of the language of the Policy and because Defendants may insist upon a determination of those questions without being penalized.

12. Defendants reserve the right to assert additional defenses and affirmative defenses as may appear applicable during the course of this litigation.

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**

*/s/ Jonathan R. Shulan*
Jonathan R. Shulan         MO #65426
Lauren Haley Navarro       MO #68111
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
(314) 621-5070
(314) 621-5065
jshulan@atllp.com
lnavarro@atllp.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2021, the foregoing was filed electronically with the Clerk of Court, and all parties of record will receive notification of the same through the CM/ECF system.

*/s/ Jonathan R. Shulan*
Jonathan R. Shulan