IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELLONY MILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.:   4:21-cv-00559 |
| v. ) | |
| ) | |
| TRANSAMERICA PREMIER LIFE ) | |
| INSURANCE COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Defendants seek removal of Mellony Milton's ("Plaintiff's") civil action for breach of contract and vexatious refusal to pay a certificate of insurance relating to the death of plaintiff Mellony Milton's husband Derrek Stewart in the City of St. Louis. The Court lacks subject matter jurisdiction over Plaintiff's claims, and remand is appropriate here, because Defendants fail to establish the amount in controversy exceeds $75,000. *See* 28 U.S. Code § 1332(a).

Defendants' removal argument lacks legal and factual support, and defendants have utterly failed to carry their burden to establish the minimum amount in controversy exceeds $75,000.00. Plaintiff's petition expressly requests a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) but less than Seventy-Five Thousand Dollars ($75,000.00). The petition has plainly stipulated that damages would not exceed $75,000.00. The most cursory review of that pleading reveals that Defendant's removal is defective, and Defendant fails to meet its burden to establish and prove that the amount in controversy in this case exceeds $75,000.00. Accordingly, Plaintiff respectfully requests this Court remand the case due to lack of subject matter jurisdiction.

## Standard of Review

At issue in this motion is whether defendants have carried their burden to establish and prove that the minimum amount in controversy necessary for federal court jurisdiction is met in this case. "In a case based upon this Court's diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs." *New v. Hunter's View, Ltd.*, No. 1:06-CV-179 CAS, 2007 WL 1040926, at *2 (E.D. Mo. Apr. 4, 2007) (citing, 28 U.S.C. § 1332(a); *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994).

"Federal courts are to strictly construe the amount in controversy requirement, as the purpose underlying it is to limit the federal courts' diversity caseload." *Id*. Furthermore, removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Id*. (internal citations and quotations omitted). Thus, "[t[o meet its burden with regard to the jurisdictional amount…specific facts or evidence are required to demonstrate that the jurisdiction amount is met." *Id*.

## Discussion

**I.     Defendant's Removal is Defective and Fails to Establish Minimum Amount in Controversy Exceeds $75,000.00**

Defendants' removal asserts that this case meets the requirements for diversity jurisdiction set forth in 28 U.S.C. 1332, Defendants even mention in their notice of removal that Plaintiff's petition stated she is not seeking a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) but less than Seventy-Five Thousand Dollars ($75,000.00).  As a result, defendants were not permitted to remove and the minimum amount in controversy necessary for federal court jurisdiction is not established or proven and is actually affirmatively disproven.

In *New*, the defendant removed a personal injury case based, in part, on a similar argument raised by defendant SafeCo in this case (i.e., that a fact finder might conclude

plaintiff's damages exceed $75,000.00).  The plaintiff in *New* made a settlement demand on defendant for $125,000.00 and alleged permanent injuries to his back and spine.  The defendant argued that there was a likelihood that a fact finder might conclude damages exceed $75,000.00.  None of this was sufficient to carry its burden on removal, and the court remanded in *New* because defendant failed to meet its burden to show that the amount in controversy exceeded $75,000.00.

Similarly, the facts in this case are equally—if not more—compelling for remand than *New*. Defendant's Notice of Removal states that the settlement demand made by Plaintiff in this case was $50,000.00 on the date the petition was filed. Plaintiff stated in her petition that she would not seek an amount in excess of $75,000.00. Defendants simply ignored these facts and forced Plaintiff and the court to undergo filings, briefing, and rulings that would have otherwise been unnecessary, without an objectively reasonable basis for removal.

Defendant completely disregards its burden; conclusory allegations are not enough:

> Generally, the party asserting federal jurisdiction has the burden of establishing federal jurisdiction; including the requisite federal jurisdictional amount-in-controversy
> . . . .
> Speculation and belief that plaintiff's damages exceed $75,000.00 are insufficient to meet the defendant's burden of proof under both the "preponderance of evidence standard" and the "legal certainty" standard. Both standards require some specific facts or evidence demonstrating that the jurisdictional amount has been met and defendant has failed to provide such facts or evidence. It is this Court's considered opinion that defendant Ford has failed to prove the requisite federal jurisdictional amount by a preponderance of the evidence and that this Court cannot with legal certainty state that the plaintiff's complaint states a claim for the requisite federal jurisdictional amount.

*Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004).

Tellingly, despite Defendants' claim that Plaintiff's policy limit is $25,000 (*see* Answer, Affirmative Defenses ¶8), Defendants rely on the Plaintiff's demand for $50,000 in her Petition

3

to calculate the "amount in controversy." (*See* Notice of Removal ¶12). Using the $50,000 demanded in Plaintiff's Petition, Defendants claim the maximum statutory damages Plaintiff could obtain equals $55,150. But the amount sought by Plaintiff is not outcome-determinative. *See New* 2007 WL 1040926, at *1 (finding the defendant did not meet the amount in controversy requirement despite the plaintiff demanding $125,000 to settle the case). Like in *New*, Defendants have "presented no additional evidence to establish that the value of plaintiff's claim is as demanded." *Id*. at 2. Under a $25,000 policy limit, which Defendants contend applies here, Plaintiff's statutory damages would be less than $30,000—and far less than the statutory damages asserted by Defendants in the Notice of Removal ($55,150). (*See* Notice of Removal ¶17). Meaning, Defendants' assertion that "vexatious refusal claims in Missouri commonly exceed $20,000.00," even if true, would fall well short of the $75,000 threshold to invoke this Court's jurisdiction, even by aggregating statutory damages, attorney's fees, and prejudgment interest. (*See id*.).[1]

"Federal courts are to strictly construe the amount in controversy requirement of diversity jurisdiction, as the purpose underlying the requirement is to limit the federal courts' diversity caseload. *Bryant v. State Farm Mut. Auto. Ins. Co*., No. 4:20-CV-1152 RLW, 2020 WL 6118179, at *2 (E.D. Mo. Oct. 16, 2020) (citing *Snyder v. Harris*, 394 U.S. 332, 339 (1969)). Therefore, "[a]ny doubts about the propriety of removal are to be resolved in favor of state court jurisdiction and remand." *Id*. Defendants' removal of this lawsuit was and is improper, and Defendants have fully failed to meet its burden to establish and prove that the amount in controversy exceeds $75,000.00. This case should be remanded.

---

[1] Plaintiff also notes Defendants citation to two Missouri circuit court cases in which the courts awarded at least $30,000 are not helpful without context to show the cases are similar to Plaintiff's. (*See* Notice of Removal ¶17). Both cases involved greater amounts in controversy and more extensive litigation than will be required in this case.

4

## II.     Attorney's Fees

Section 1447(c) states in relevant part as follows: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  While fees are not automatically granted when a case is remanded, courts may award attorney's fees under section 1447(c) to the remanding party when the removing party lacked an objectively reasonable basis for seeking removal. *See, e.g.*, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from this rule in a given case. *Id*. Bad faith or frivolousness is not required to support an award of fees and costs. *Shaus v. Laclede Gas Co.*, 4:13-cv-1193 CEJ, 2013 WL 4436279, at *1 (E.D. Mo. Aug. 16, 2013).

In this case, defendants' removal is objectively unreasonable.  Defendants are not entitled to federal court jurisdiction simply because it wants it.  Instead, defendants have the burden to establish with proof that the jurisdictional requirements for diversity are fully met.  Defendants haven't provided evidence of its claim that the damages exceed $75,000.00.  Defendant knew that plaintiff's petition prayed for compensation in an amount not to exceed $75,000.00, at the time of the removal. *Goines v. Permanent Gen. Assurance Corp.*, No. 4:16-CV-01613-JAR, 2016 WL 7491864, at *3 (E.D. Mo. Dec. 30, 2016) (jurisdiction is determined at time of removal).

Defendants have caused a substantial waste of judicial resources, time, and money. The Court should award attorney's fees and costs to plaintiff for an objectively unreasonable removal.

5

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that her motion to remand be granted, that the case be remanded to the Circuit Court of City of St. Louis, that Plaintiff be awarded her attorney's fees incurred for remand, and that the Court grant her leave to submit costs and fees within seven days of the order for remand, and such other and further relief as this Honorable Court deems just and proper.

**ONDER LAW, LLC**

By     */s/ Matthew P. O'Grady*
           Matthew P. O'Grady  #47543
           110 E. Lockwood
           St. Louis, MO 63119
           314/963-9000 telephone
           314/963-1700 facsimile
           ogrady@onderlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed with the court on June 14, 2021, to be served by operation of the court's electronic filing system.

           */s/ Matthew P. O'Grady*